UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARVAUGHN JOHNSON, | ) | CASE NO. 3:24-CV-01847 (KAD) |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGEL QUIROS, | ) | June 12, 2025 |
| *Respondent*. | ) | |

**ORDER DENYING [12] MOTION TO DISMISS**

Kari A. Dooley, United States District Judge

Petitioner Carvaughn Johnson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Respondent Angel Quiros moves to dismiss, maintaining that the petition is "mixed" in that it contains both exhausted and unexhausted claims. *See* ECF No. 12 at 1. The Court agrees that Johnson's petition, as filed, is a mixed petition. But because Johnson has withdrawn the unexhausted claims, his petition can no longer be considered "mixed."

Accordingly, and for the reasons discussed below, the Court DENIES AS MOOT Quiros's motion to dismiss.

**BACKGROUND**

In 2004, a jury found Johnson guilty of murder and carrying a pistol without a permit in violation of Connecticut state law.[1] *State v. Johnson*, 288 Conn. 236, 238 (2008). The trial court sentenced Johnson to 43 years' imprisonment. *Id.* at n.3. Johnson appealed the criminal judgment directly to the Supreme Court of Connecticut. *Id.* at 238. Johnson argued on appeal that:

> [T]he trial court improperly (1) concluded that he had not proven actual prejudice resulting from the influence of courtroom spectators on the jury's deliberations and its assessment of the witnesses' credibility, (2) concluded that the New Haven

---

[1] On October 16, 2003, Johnson's first criminal trial ended in a mistrial. On February 23, 2004, following a second criminal trial, he was convicted by a jury. *See Johnson v. Warden*, 2013 WL 5422895, at *1 (Conn. Super. Ct. 2013).

police department did not violate his due process rights in failing to make a record of the entirety of its questioning of the state's key witness and improperly declined the defendant's request for an adverse inference instruction, (3) failed to disclose to the defendant the psychological records of the state's key witness and improperly restricted defense counsel's impeachment of that witness, and (4) charged the jury regarding consciousness of guilt and reasonable doubt.

*Id.* The Supreme Court of Connecticut disagreed and affirmed Johnson's conviction. *Id.* at 290.

Johnson then filed what would be the first of two state habeas petitions. Johnson asserted in his first habeas petition that "his state and federal constitutional rights to conflict free representation and effective assistance of counsel were violated." *Johnson v. Warden*, 2013 WL 5422895, at *1 (Conn. Super. Ct. 2013). Johnson maintained that his right to conflict-free representation was violated when his attorney did not call a witness who was represented by the attorney's supervisor. *Id.* at *5. Johnson also asserted that his right to effective assistance of counsel was violated by defense counsel's failure to (1) present evidence in support of a third-party culpability defense and (2) prepare and present an alibi defense. *Id.* at *7, 12. The state habeas court rejected Johnson's conflict-free representation claim but granted the habeas petition based on Johnson's ineffective assistance of counsel claims. *Id.* at *15. The state habeas court thus vacated Johnson's conviction and returned the case to the trial court for further proceedings. *Id.*

The State appealed the habeas judgment to the Appellate Court of Connecticut, arguing that the state habeas court "improperly concluded that the petitioner proved a violation of his right to a fair trial because he did not receive effective assistance from his trial counsel." *Johnson v. Comm'r of Correction*, 166 Conn. App. 95, 97-98 (2016). The Appellate Court agreed, reversing the state habeas judgment "only with respect to the count alleging ineffective assistance of counsel" and "remanded to the habeas court with direction to deny the petition for a

2

writ of habeas corpus on that count." *Id.* at 142. The Appellate Court affirmed the habeas judgment "in all other respects." *Id.*

Johnson obtained discretionary review of the Appellate Court's decision by the Supreme Court of Connecticut. *See Johnson v. Comm'r of Correction*, 324 Conn. 904 (2017). The Supreme Court of Connecticut granted review on three issues:

> 1. Whether the Appellate Court properly concluded that the claim that defense counsel's failure to investigate alibi witnesses was deficient performance was not reviewable because the petitioner failed to adequately raise the claim before the habeas court?
>
> 2. Whether the Appellate Court properly concluded that defense counsel's failure to present an alibi defense was not deficient performance?
>
> 3. Whether the Appellate Court properly concluded that the petitioner was not prejudiced by his counsel's failure to present evidence of third party culpability?

*Id.* (quotation marks omitted). The Supreme Court of Connecticut affirmed the Appellate Court's decision. *See Johnson v. Comm'r of Correction*, 330 Conn. 520, 575 (2019).

While Johnson's habeas appeal was pending, he filed his second habeas petition. *See* ECF No. 13-9 at 2. According to Johnson's response to Quiros's motion to dismiss, Johnson "is currently in the process of withdrawing his state habeas and has no interest in bringing those current issues to Court." ECF No. 15 at 3.

Johnson filed a federal habeas petition on November 21, 2024. ECF No. 1. Johnson raises five claims in his federal habeas petition. *Id.* at 5-16. Quiros has moved to dismiss Johnson's federal habeas petition as a "mixed petition" because Quiros maintains that one of Johnson's claims—namely, the fifth claim—is unexhausted. *See* ECF No. 13 at 18.

**STANDARD OF REVIEW**

A motion to dismiss a habeas petition, like any other motion to dismiss a civil complaint, is governed by Federal Rule of Civil Procedure 12(b)(6). *Spiegelmann v. Erfe*, 2018 WL

1582549, at *1 (D. Conn. 2018) (reviewing a motion to dismiss a § 2254 petition under Fed. R. Civ. P. 12(b)(6)). To survive dismissal, the petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "detailed factual allegations" are not required, a petition must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555-57.

Because Johnson filed the operative habeas petition *pro se*, the Court must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*). "Despite the special solicitude that the Court must show [Johnson] out of consideration for his *pro se* status, his petition must still 'include sufficient factual allegations to meet the standard of facial plausibility' to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, 2017 WL 855795, at *6 (D. Conn. 2017) (quoting *Sentementes v. Gen. Elec. Co.*, 2014 WL 2881441, at *2 (D. Conn. 2014)).

In considering a motion to dismiss, a court typically may consider only the complaint, or, here, the petition. The petition, however, "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," as well as any documents deemed "integral" to it. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*)); *see also Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005) (same). To that end, because the petition relies on the various state court proceedings underlying the procedural history of this case, the Court will consider the documents

relevant to those proceedings. *See Vializ v. Arnone*, 2012 WL 3000406, at *1 n.1 (D. Conn. 2012) (taking judicial notice of habeas petitioner's state cases).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(b)(1)(A), requires a state prisoner to "exhaust[ ] the remedies available in the courts of the State." This gives "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation marks omitted) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995) *(per curiam)*; *Picard v. Connor,* 404 U.S. 270, 275 (1971)). This furthers the purpose of promoting considerations of comity and respect between the federal and state judicial systems by affording the state court the first opportunity to correct a constitutional violation. *See Davila v. Davis*, 582 U.S. 521, 527 (2017); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism.").

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (quoting *Duncan*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Thus, a petitioner seeking federal habeas review of a Connecticut state judgment "must exhaust his state court remedies with regard to any claim he includes in a federal habeas petition by seeking review of that ground before the Connecticut Supreme Court." *Grant v. McGill*, 2009 WL 1060468, at *1 (D. Conn. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)).

In some instances, a federal habeas petition may be "mixed," meaning that it contains "both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). When presented with a mixed petition, a district court "has four procedural options: (1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits under 28 U.S.C. § 2254(b)(2); (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims; or (4) in limited circumstances, stay the petition to allow petitioner to exhaust his unexhausted claims." *Henderson v. Reis*, 2023 WL 5677489, at *8 (D. Conn. 2023) (quoting *Tripathy v. Schneider*, 473 F. Supp. 3d 220, 234 (W.D.N.Y. 2020)).

Here, Quiros moves to dismiss Johnson's petition because it is a "mixed" petition containing exhausted and unexhausted claims. *See* ECF No. 13 at 18. Quiros concedes that Johnson's first four claims are exhausted but maintains that Johnson's fifth claim is not. *See id.* at 18-19. Johnson's fifth claim contains two components: (1) that Johnson's right to conflict-free counsel was violated and (2) that Johnson's right to effective assistance of counsel was violated. *See* ECF No. 1 at 16. The conflict-free counsel component of this claim mirrors the claim Johnson asserted in his first habeas petition. *Compare* ECF No. 1 at 16, *with Johnson*, 2013 WL 5422895, at * 5. But Quiros maintains this claim is nonetheless unexhausted because Johnson "abandoned the conflict claim in his petition for certification of discretionary review by the Supreme Court." *See* ECF No. 13 at 24. Johnson "agrees with the Respondent that [t]he [c]onflict [c]laim is not properly exhausted and/or ripe for federal review," and withdraws this component of his fifth claim. ECF No. 15 at 3.

The ineffective counsel of component contains four subcomponents: (1) failure to investigate or call alibi witnesses; (2) failure to present a third-party defense; (3) failure to call Jermaine Diggs as an impeachment witness; and (4) failure to properly cross-examine Ralph

6

Ford. *See* ECF No. 1 at 16. The first two subcomponents of the ineffective assistance component mirror the claims Johnson asserted in his first habeas petition. *Compare* ECF No. 1 at 16, *with Johnson*, 2013 WL 5422895, at *7, 12. Quiros concedes that the first two subcomponents of the ineffective assistance of counsel component were exhausted by raising them before the Supreme Court of Connecticut but maintains that the second two subcomponents remain unexhausted because they were not so raised. *See* ECF No. 13 at 24-25. Johnson agrees with Respondent that the second two subcomponents of the ineffective assistance of counsel component are unexhausted and withdraws these subcomponents. *See* ECF No. 15 at 4, 7.

Johnson maintains that having withdrawn the unexhausted components and subcomponents of his fifth claim, Quiros's motion to dismiss should be denied as moot. *See id.* at 7. The Court agrees. Among the procedural options available to a court when presented with a mixed petition is to "allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims." *Henderson*, 2023 WL 5677489, at *8. The Court has given Johnson an opportunity to delete his unexhausted claims, which he has done by withdrawing them. *See* ECF No. 15 at 7.

Johnson's petition is therefore no longer a "mixed petition." Accordingly, because Quiros offers no other grounds for dismissal in his motion, his motion to dismiss is denied as moot. *See, e.g.*, *Carolina v. Connecticut*, 2021 WL 3855612, at *3 (D. Conn. 2021) (denying as moot motion to dismiss mixed petition after habeas petitioner requested the court to consider his unexhausted claims abandoned and proceed to review only his exhausted claims).

**CONCLUSION**

For the above reasons, Quiros's motion to dismiss, ECF No. 12, is DENIED AS MOOT. Quiros is directed to file a response to the remaining claims in the petition on or before July 27, 2025.

It is so ordered.

Dated at Bridgeport this 12th day of June 2025.

/s/ *Kari A. Dooley*
Kari A. Dooley
United States District Judge