UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CARVAUGHN JOHNSON**<br>***Petitioner,*** | : | **PRISONER**<br>**CASE NO. 3:24-cv-1847 (KAD)** |
| **v.** | : | |
| **ANGEL QUIROS,**<br>***Respondent.*** | : | **JANUARY 15, 2026** |

**NOTICE OF COMPLIANCE**

Undersigned counsel respectfully provides notice to the Court of his compliance with its January 13, 2026, Order [ECF No. 24]. On this date, a copy of the Court's Order, along with the materials referenced therein, have been forwarded to the Conviction Integrity Unit under cover of the attached Memorandum.

/s/ MICHAEL PROTO
MICHAEL PROTO
Senior Assistant State's Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2026, a copy of the foregoing NOTICE OF COMPLIANCE was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. I hereby certify that a copy of the foregoing document was mailed, first class postage prepaid, to Carvaughn Johnson, Inmate No. 284952, Brooklyn Correctional Institution, 59 Hartford Road, Brooklyn, CT 06234.

/s/ MICHAEL PROTO
MICHAEL PROTO
Commissioner of the Superior Court

OFFICE OF
**THE CHIEF STATE'S ATTORNEY**
300 CORPORATE PLACE
ROCKY HILL, CONNECTICUT 06067
PHONE (860) 258-5800 FAX (860) 258-5858

PATRICK J. GRIFFIN
CHIEF STATE'S ATTORNEY

# Memorandum

---

**TO:** **Stacey Miranda, Supervisory Assistant State's Attorney**
**Conviction Integrity Unit**

**FROM:** **Michael Proto, Senior Assistant State's Attorney**
**Civil Litigation Bureau**

**DATE:** **January 15, 2026**

**SUBJECT:** **State v. Carvaughn Johnson**
**CR23-3996 (Judicial District of New Haven)**

---

On January 13, 2026, the Federal Court, *Dooley, U.S.D.J.*, denied a petition for a writ of habeas corpus brought by the petitioner, Carvaughn Johnson, pursuant to 28 U.S.C. § 2254.

Although the petition was denied with respect to the claims that were raised by Mr. Johnson, Judge Dooley nonetheless expressed concerns addressed to the integrity of the conviction. Those concerns were embodied in a separate Order, reproduced following:

> ORDER. The Court has today denied the Petition for a Writ of Habeas Corpus as to the grounds raised therein. ECF No. 22 . In reviewing the record from Petitioner's second trial in February 2004, as well as the record from the state habeas trial in September 2011, the Court is struck by the significant similarities between Mr. Johnson's prosecution and the allegations in the civil actions of *Horn v. New Haven et al*, No. 18-CV-1502 (KAD); *Jackson v. New Haven et al*, No. 19-CV-388 (KAD); *Murphy-Taylor v. City of New Haven et al*, No. 25-CV-935 (KAD); *Gould v. City of New Haven et al*, No. 25-CV-934 (KAD); *Morant v. City of New Haven et al*, No.

22-CV-630 (SVN); and *Carmon v. City of New Haven et al*, 3:23-CV-944 (JCH). Each of these cases is a pending civil rights suit premised on wrongful convictions resulting from alleged misconduct by the New Haven Police Department (NHPD) around roughly the same time period (between the mid-1990s to early 2000s). Each of these cases alleges that the criminal defendants eventually had their convictions expunged and/or were exonerated when the misconduct was brought to light.

At Petitioner's 2004 retrial (following a mistrial), the only alleged eyewitness to the murder was Ralph Ford. At this retrial, Mr. Ford recanted his inculpatory statements and his prior testimony in their entirety. In recanting his prior statements and testimony, Mr. Ford made allegations strikingly similar to those that appear in the civil rights complaints listed above. The Court further observes that there is at least some overlap between the detectives involved in Mr. Johnson's prosecution (and the interrogation of Mr. Ford), and those who were involved in the investigation of these other cases.

Accordingly, Counsel for the Respondent is directed to send the entirety of the materials submitted in opposition to the Petition (ECF No. 19 ) and this Order to the Conviction Integrity Unit at the Chief State's Attorney's Office for further review and, as may be appropriate, investigation into the integrity and outcome of this prosecution.

Signed by Judge Kari A. Dooley on 1/13/2026. (Lacina, A) (Entered: 01/13/2026)

Therefore, in compliance with the above Order, I am forwarding herewith the materials referenced therein for your review and further action, if appropriate. If I may be of any assistance, please do not hesitate to reach back to me.